Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00715-CR

Mayra Alejandra **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No.1, Bexar County, Texas
Trial Court No. 232085
Honorable Al Alonso, Judge Presiding

Opinion by:  Marialyn Barnard, Justice

Sitting:  Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  July 22, 2009

AFFIRMED

Mayra Alejandra Rodriguez was convicted of assault – bodily injury.  On appeal, Mayra challenges the legal and factual sufficiency of the evidence to support her conviction.  We affirm the trial court's judgment.

## BACKGROUND

On September 4, 2007, Griselda Rodriguez and her sister Mayra drove to the home owned by complainant, Amalia Salas. Amalia was inside with her husband Armando Saucedo and her son Juan Rodriguez.

Armando had been involved in an ongoing relationship with Griselda, and they had a child together named Jaslyn. Amalia and Griselda were both aware of the love triangle which existed.

After Griselda and Mayra arrived at Amalia's home, Griselda attempted to enter through the front door. When Amalia blocked her entry, Griselda attacked Amalia, and a fight ensued on the steps leading into the home. The fight ended when Armando separated the two women. Griselda pled guilty to assault – bodily injury.

The evidence is conflicting with regard to whether Mayra, upon seeing the altercation, exited the car and joined the fight between Griselda and Amalia. After the trial court denied Mayra's motion for a directed verdict, the jury found Mayra guilty of assault-bodily injury. The trial court sentenced Mayra to 180 days in jail, suspended and probated for three months, and assessed a $100.00 fine plus court costs.

## STANDARD OF REVIEW

In order for evidence to be legally sufficient, it must "convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). We review the legal sufficiency of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). As "the exclusive judge of the credibility of witnesses and of the weight to be given their

testimony," the jury must resolve all conflicts in the evidence. *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).

In conducting a factual sufficiency review, we view all of the evidence in a neutral light and set aside the verdict only if: (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust; or (2) the verdict is against the great weight and preponderance of the evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). In reviewing a factual sufficiency challenge "the appellate court should be mindful that a jury has already passed on the facts, and convicted, and that the court should never order a new trial simply because it disagrees with the verdict, but only where it seems to the court to represent a manifest injustice." *Watson v. State*. 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). The jury may choose to believe all, some, or none of the testimony or evidence presented. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

## ANALYSIS

Mayra contends the evidence is legally and factually insufficient to support her conviction for assault-bodily injury. Specifically, Mayra contends the evidence does not establish that she was involved in the fight between Griselda and Amalia.

Here, the jury was presented with testimony which created two conflicting accounts of the altercation. During trial, Amalia testified while she and Griselda fought on the front steps, she heard someone come closer and yell "leave my sister alone." Amalia testified she felt someone else enter the fight, pull her by the hair, and punch her in the face while she held Griselda down. On cross examination, however, Amalia stated she could not see Mayra clearly during the fight and never met Mayra before that day. Nonetheless, Amalia reiterated she unmistakably felt someone else enter the fight and yell "leave my sister alone." In addition, Juan also testified he came outside to find his

mother fighting with two women. On cross examination, Juan admitted he did not actually see the women struggling, but he did see Mayra moving back to the car after dropping a clump of his mother's hair in the front yard. The State presented photos showing that Amalia suffered a black eye and bruises on her arm from the fight.

Griselda and Mayra, however, testified Mayra never entered the fight. Griselda stated Mayra's only involvement in the altercation was to restrain Griselda and encourage her to leave after Armando had broken up the fight. Mayra also testified that Armando came outside the house as she approached the struggle and handed her Jaslyn before he separated Griselda and Amalia. Mayra testified she put Jaslyn in the car and returned to get Griselda, who was using a ceramic frog to strike the windshield of Amalia's car. Mayra denied touching Amalia during the incident.

Here, the jurors, as the exclusive judge of the credibility of witnesses, chose to believe Amalia and Juan's version of the events. *See Jones*, 944 S.W. 2d at 647; *Chambers*, 805 S.W.2d at 461. We may not substitute our judgment regarding the credibility of the witnesses for that of the jury. *See Vodochodsky*, 158 S.W.3d at 510. While Mayra and Griselda's testimony may contradict Amalia and Juan's version of events, "[a]ny inconsistencies in the testimony must be resolved in favor of the verdict." *See Rivera v. State*, 271 S.W.3d 301, 304 (Tex. App.—San Antonio 2008, no pet.). Accordingly, the evidence is legally and factually sufficient to support Mayra's conviction.

### CONCLUSION

We affirm the trial court's judgment.

Marialyn Barnard, Justice

DO NOT PUBLISH